IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ALG TRUSTEE LLC,  )<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ROBERT R. BULLEN, *et al.*,  )<br>Defendants.  )<br>)  | Civil Action No. 3:24CV126 (RCY) |

**MEMORANDUM OPINION**

This is an interpleader action. The matter is before the Court on Plaintiff[1] ALG Trustee LLC's Motion for Default Judgment Against Defendant Robert R. Bullen ("Motion for Default Judgment"). For the reasons that follow, the Court will grant Plaintiff's Motion for Default Judgment.

**I. RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff is the substitute trustee under a Deed of Trust for real property owned by Defendant Bullen at 1093 Island Point Road, Heathsville, Virginia 22473. Pet. 4–5, ECF No. 1-1. In 2022, three liens were recorded among the land records in the Clerk's Office of Northumberland County, Virginia: Instrument Number 202000099, dated March 2, 2022, in favor of the Internal Revenue Service ("IRS") in the amount of $15,376.92,[2] and Instrument Number 2022200270, dated August 1, 2022, and Instrument Number 202202956, dated December 7, 2022, both in favor of River Knolls Homeowners Association, Inc. ("River Knolls") and together totaling

---

[1] ALG initially filed this matter as a Petition to Interplead Funds with the Circuit Court for the County of Northumberland, Virginia, wherein the parties were recorded as Petitioner and Respondents. *See* Pet. 3, ECF No. 1-1. However, since the case was removed, the parties have consistently self-styled as Plaintiff and Defendants. *See e.g.* Not. Removal, ECF No. 1; Status Report, ECF No. 7. For the sake of consistency, the Court adopts the labels utilized by the parties.

[2] Plaintiff and Defendants United States and River Knolls have since stipulated to an updated value of $27,029.71, which includes penalties and interest. Proposed Order 2, ECF No. 30-1.

the amount of $2,705.79.[3]  *Id.* at 6.  Following Defendant Bullen's default on his obligations imposed pursuant to the Deed of Trust, the real property was sold at a public auction on January 31, 2023, for $202,000.000.  *Id.* at 5.  Following the disbursement of fees and costs incurred as a result of the sale, including taxes, levies, and funds due to the Noteholder, a total of $35,941.89 remained to be distributed.  *Id.*

Plaintiff, as trustee, is required to file a complete account of the Foreclosure Sale of the Property with the Commissioner of Accounts but may not do so until it has distributed the remaining funds to a claimant or into the Court registry.  Pet. 6.  As such, on January 11, 2024, Plaintiff filed a Petition to Interplead Funds in the Circuit Court for the County of Northumberland, Virginia, pursuant to Va. Code Ann. § 8.01-364.  Not. Removal 1, ECF No. 1; Pet., ECF No. 1-1; Mot. Default J., Ex. 2 at 2, ECF No. 26-2.

Plaintiff served Defendant Bullen on or around January 20, 2024, by posted service, Defendant River Knolls on January 26, 2024, and Defendant United States on February 5, 2024.  Mot. Default J., Ex. 2 at 5.  On February 14, 2024, Plaintiff sent Defendant Bullen a 10-day notice of default, pursuant to Va. Code Ann. § 8.01-296(2)(b).  Mot. Default J. 1; *id.*, Ex. 3, ECF No. 26-3.  On February 26, 2024, the United States removed the pending action pursuant to 28 U.S.C. §§ 1442, 1444, and 1446.  Not. Removal 1–2.

On January 3, 2025, Plaintiff and Defendants United States and River Knolls—Defendant Bullen having failed to appear in the action—stipulated as to how the interpleaded funds should be distributed amongst the parties who had appeared, taking into account penalties and interest.  Stip., ECF No. 16.  After ALG properly requested entry of default, ECF No. 17, the Clerk entered

---

[3] Plaintiff and Defendants United States and River Knolls have since stipulated to an updated total value of $3,643.96, which includes penalties and interest.  Proposed Order 2, ECF No. 30-1.

default as to Defendant Bullen on January 10, 2025, ECF No. 19.  Plaintiff and Defendants United States and River Knolls subsequently filed a Consent Motion for the disbursement of interpleaded funds on January 27, 2025.  Consent Mot., ECF No. 22.  Following the receipt of the parties' Memorandum in Support of their Consent Motion, ECF No. 24, the Court found it inappropriate to order the disbursement of funds absent the entry of default judgment against Defendant Bullen.  ECF No. 25.  For that reason, on February 27, 2025, the Court directed Plaintiff to file a Motion for Default Judgment.  *Id.*  On March 7, 2025, Plaintiff filed the instant Motion for Default Judgment against Defendant Bullen.  Mot. Default J., ECF No. 26.  Defendant Bullen having still failed to appear, the Motion is unopposed and otherwise ripe for review.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 controls default judgment.  Under Federal Rule of Civil Procedure 55(a), the clerk must enter the party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  The party seeking default judgment must then "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).

When in default, a defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  The clerk's entry of default does not necessitate a court's entry of default judgment, as, typically, a court must independently determine whether the allegations set forth in the plaintiff's complaint support the relief sought.  *Life Ins. Co. N. Am. v. Quaye*, 2023 WL 4672384, at *2 (E.D. Va. July 20, 2023) (citing *Ryan*, 253 F.3d at 780–81); *see also Ryan*, 253 F.3d at 780; *State Emps.' Credit Union v.*

*Nat'l Auto Leasing, Inc.*, 2007 WL 1459301, at *1 (E.D. Va. May 14, 2007) ("[T]he Fourth Circuit has a 'strong policy that cases be decided on the merits.'" (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993))).

However, in an interpleader action, a court need not evaluate the complaint's—or, as here, petition's—allegations; "[r]ather, a defendant's lack of action can be taken as forfeiting a claim to the property in dispute." *Quaye*, 2023 WL 4672384, at *2 (quoting *Pro. Foreclosure Corp. of Va. v. Ware*, 2020 WL 6324882, at *2 (E.D. Va. Oct. 8, 2020), *report and recommendation adopted*, 2020 WL 6323723 (E.D. Va. Oct. 27, 2020)); *Pitts v. Metro. Life Ins. Co.*, 2024 WL 3974239, at *7 (E.D. Va. Aug. 28, 2024); *Hartford Life & Accident Ins. Co. v. Massengale*, 2023 WL 7273737, at *3 (E.D. Va. Sept. 19, 2023); *Del Conca USA, Inc. v. Akers*, 2017 WL 3605354, at *2 (S.D. Md. Aug. 18, 2017) (holding that a defendant in default "has forfeited any claim of entitlement to the [disputed f]unds that he may have asserted"); *Guardian Life Ins. Co. of Am. v. Spencer*, 2010 WL 3522131, at *3 (W.D. Va. Sept. 8, 2010).

### III.  DISCUSSION

The Court concludes that entry of default judgment against Defendant Bullen is appropriate because he failed to respond to the Petition or otherwise assert a claim to the underlying foreclosure proceeds in a timely manner, *see Quaye*, 2023 WL 4672384, at *3, and because, in an interpleader action, "a defendant's lack of action can be taken as forfeiting a claim to the property in dispute," *Ware*, 2020 WL 6324882, at *2.

Here, Bullen has defaulted.  Plaintiff originally filed this interpleader action in the Circuit Court for the County of Northumberland, Virginia, on January 11, 2024.  Mot. Default J., Ex. 2, ECF No. 26-2.  Bullen was first served by posted service on or around January 20, 2024.  Mot. Default J., Ex. 1, ECF No. 26-1; Mot. Default J., Ex. 2, ECF No. 26-2; Va. Code Ann. § 8.01-

296(2)(b). Plaintiff served Bullen a second time with a 10-day notice of default on or around February 14, 2024, notifying Bullen that "PROCEEDINGS ARE PENDING IN THE NORTHUMBERLAND COUNTY CIRCUIT COURT . . . . [AND] ENTRY FOR DEFAULT JUDGMENT MAY BE SOUGHT." Mot. Default J., Ex. 3, ECF No. 26-3; Va. Code Ann. § 8.01-296(2)(b). Bullen has not responded to the Petition, either before or after removal to this Court, and the time for doing so has long since passed. On January 10, 2025, the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a), after Plaintiff properly demonstrated that Bullen failed to plead or otherwise defend himself in the current action. Entry Default, ECF No. 19; *see also* Aff. Supp. Req. Entry Default, ECF No. 18 (attesting that Bullen is not an infant, incompetent person, or currently in the military).

Since the Clerk entered default, Bullen has not appeared, responded to Plaintiff's Motion for Default Judgment, or otherwise asserted ownership over the foreclosure proceeds. Given that this is an interpleader action, the Court accordingly finds that Bullen has "forfeited any claim of entitlement" to the foreclosure proceeds because his "lack of action can be taken as forfeiting a claim to the property in dispute." *Quaye*, 2023 WL 4672384, at *3 (quoting *Ware*, 2020 WL 6324882, at *2). Therefore, the Court will grant Plaintiff's Motion for Default Judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Default Judgment and direct the Clerk to enter default judgment against Defendant Bullen.

An appropriate Order will accompany this Memorandum Opinion.

Date: June 11, 2025  
Richmond, Virginia

/s/ RCY  
Roderick C. Young  
United States District Judge

5